His Honor, Judge Mangum, instructed the jury that the question of title was wholly immaterial; that if they believed that the prosecutor had such possession of the house as is usually held in schoolhouses, on the Friday evening before the alleged assault, and had left it with an intent to return on Monday, that in law the prosecutor was in possession when the defendants entered, and they had no right to prevent him by force from going into the house, or to remove him therefrom after he had entered.
The jury having returned a verdict for the State, a rule for a new trial being discharged, and judgment rendered for the State, the defendants appealed.
This case does not involve the question whether title can be resorted to when there are adverse occupants to decide the fact of possession. The fact of possession between Cely Weeks and the prosecutor being before the jury, the deed was offered to show that the same state of facts existed between one of the defendants and the prosecutor. It was not offered to show that title was in the defendant and not in the prosecutor, but to communicate to the defendant the possession of Cely Weeks, if she had one, to substitute him for her as to that fact, and for no other purpose. I think that the evidence should have been received. (137)